IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

AMBER BURBAGE, f/k/a AMBER )
PIPPIN-McABEE, )
                          )       Civil Action No. 2:13-cv-2333-CWH
        Plaintiff, )
                           )
   v.                         )       **ORDER**
                           )
CGI FEDERAL, INC., f/k/a STANLEY, )
INC., )
                           )
        Defendant. )
_____ )

The plaintiff, Amber Burbage, f/k/a Amber Pippin-McAbee ("the plaintiff"), filed this

action against the defendant, CGI Federal, Inc., f/k/a/ Stanley, Inc. ("the defendant"), on August

27, 2013, advancing claims for sexual harassment and gender discrimination; constructive

discharge; religious harassment and discrimination; retaliation in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"); retaliation in violation of

the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 ("ADA"); violation of

the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA"); slander per se;

interference with contract relations; and interference with prospective contract relations.

(Compl. ¶¶ 50-130). The plaintiff alleges that before filing her complaint with the Court, she had

"exhausted all administrative remedies and conditions precedent, including timeliness, deferral

and all other jurisdictional requirements . . . ." (Compl. ¶ 5).

On October 29, 2013, the defendant filed a motion to dismiss for failure to state a claim

as to the plaintiff's fifth cause of action for retaliation in violation of the ADA, claiming the

plaintiff failed to file a timely charge of discrimination with the South Carolina Human Affairs

Commission or the Equal Employment Opportunity Commission with respect to this cause of



action. (ECF No. 12). The plaintiff filed a response in opposition to the motion to dismiss (ECF No. 14), and the defendant filed a reply thereto. (ECF No. 18). As this matter invokes federal statutes that proscribe unfair discrimination in employment, it was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R") in accordance with 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.).

On July 16, 2014, the magistrate judge issued an R&R recommending that the defendant's motion to dismiss the plaintiff's fifth cause of action for retaliation in violation of the ADA be granted. (ECF No. 28). The magistrate judge specifically advised both parties of the procedures and requirements for filing objections to the report and the serious consequences if they failed to do so. On August 21, 2014, the plaintiff filed her objections to the R&R. (ECF No. 33). The plaintiff raised the following three objections: (1) the magistrate judge erred in dismissing the plaintiff's ADA retaliation claim because the plaintiff's cover letter and affidavit sent to the Equal Employment Opportunity Commission constituted a charge of discrimination because those documents satisfied the requirements for such a charge and clearly alleged ADA retaliation; (2) the magistrate judge erred in dismissing the ADA retaliation claim because even if the plaintiff's affidavit is not a charge of discrimination, the Court can nevertheless consider such documents in evaluating the scope of her charge; and (3) the magistrate judge erred in applying case law that is distinguishable from the instant matter. (Id. at 6-7). On September 8, 2014, the defendant filed its reply to the plaintiff's objections. (ECF No. 35).

The magistrate judge makes only a recommendation to this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 271. The Court may "accept, reject, or modify, in whole or in part," the recommendation made by the magistrate



judge or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. Id.

After reviewing the plaintiff's objections, the Court finds that the plaintiff has failed to file specific objections to the R&R. The plaintiff's objections rehash her initial arguments already made before the magistrate judge; in fact, her objections are identical to her response to the defendant's motion to dismiss—the plaintiff simply copied and pasted the exact arguments already provided to the Court and considered by the magistrate judge in his R&R. The Court need not conduct a de novo review of these objections because they consist of repeated arguments made to, and rejected by, the magistrate judge, as those objections do not cite specific conclusions of the R&R that are erroneous. See Smith v. City of N. Charleston, 401 F. Supp. 2d 530, 533 (D.S.C. 2005) (the court did not conduct a de novo review, holding that the "[p]laintiff's objections to the R&R [were] complete rehashings of arguments made to, and rejected by, the Magistrate"); see also Greene v. Quest Diagnostics Clinical Labs., Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted) ("A party's general objections are not sufficient to challenge a magistrate judge's findings."); Weber v. Aiken-Partain, C/A No. 8:11-cv-02423-GRA, 2012 WL 489148, at * 2 (D.S.C. Feb. 15, 2012) (objections that merely rehash arguments previously raised and addressed by the magistrate judge are insufficient to direct the court to a specific error in the magistrate judge's proposed findings and recommendations). Therefore, because the plaintiff has failed to make objections to the R&R with the requisite level of specificity or to provide any direction as to which portions of the R&R should be examined under a de novo lens, the Court need "only satisfy itself that there is no clear error on the face of



the record in order to accept the recommendation." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted) (internal quotation marks omitted).

After reviewing the record of this matter, the applicable law, and the R&R of the magistrate judge, the Court agrees with the conclusion of the magistrate judge. Accordingly, the Court adopts and incorporates the R&R (ECF No. 28) by reference in this Order. The plaintiff's fifth cause of action for retaliation in violation of the ADA is dismissed and the defendant's motion to partially dismiss the plaintiff's complaint (ECF No. 12) is granted.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

September 22, 2014
Charleston, South Carolina

